**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Zuniga, | No. CV-24-00263-TUC-JGZ (MAA) |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed on July 1, 2024, by all Defendants except for Sheriff Nanos in his official capacity. (Doc. 14.) The Motion is fully briefed. (Docs. 14, 17, 20.) On July 25, 2024, Magistrate Judge Michael A. Ambri issued a Report and Recommendation (R&R) recommending that this Court grant in part the Defendants' Motion to Dismiss. (Doc. 21.) Defendants filed an Objection requesting that the Court clarify the remaining claims in the matter. (Doc. 26.) Plaintiff filed a "Reply to Objection," (Doc. 27), which the Court will construe as an Objection to the Magistrate Judge's R&R. For the following reasons, the Court will overrule Plaintiff's Objection, adopt Magistrate Judge Ambri's R&R, and grant Defendants' Motion to Dismiss in part.

## BACKGROUND

The R&R details the factual and procedural history of this case. (Doc. 21 at 2.) Because neither party objects to this portion of the R&R, the Court will adopt it in its entirety.

> The plaintiff, Robert Zuniga, is employed as a Corrections Lieutenant with the Pima County Sheriff's Department. Complaint, Doc. 1, p. 9. Zuniga alleges that his superiors concealed the truth about medical failures at the jail "forcing plaintiff to come forward as a whistle-blower and release the truth on social media and to news reporters on December 09, 2021." Doc. 1, pp. 9-10. He asserts that he subsequently experienced "racial discrimination, retaliation, workplace bullying, and harassment." Doc. 1, p. 10.
>
> On May 23, 2024, Zuniga filed a Complaint in this court claiming (1) national origin discrimination (Title VII); (2) retaliation (Title VII); (3) hostile work environment (Title VII); (4)(a) national origin discrimination under the Equal Protection Clause (42 U.S.C. § 1983); (4)(b) a First Amendment violation (42 U.S.C. § 1983); and (4)(c) a Fourteenth Amendment property interest due process violation (42 U.S.C. § 1983). Doc. 1, p. 5.
>
> On July 1, 2024, the defendants, except for Sheriff Nanos in his official capacity, filed the pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Doc. 14. They argue that defendants Sheriff Nanos, in his personal capacity, Chief Lowing, and Captain Koumal should be dismissed with prejudice. Doc. 14, p. 3. They maintain that defendant Pima County Sheriff's Department is a non-jural entity that cannot be sued. Doc. 14, p. 3. They assert that defendant Pima County should be dismissed with prejudice because it is not vicariously liable for the conduct of the Sheriff or his employees. Doc. 14, p. 4. Last, they argue that punitive damages are not available against the only defendant that should remain, Sheriff Nanos in his official capacity. Doc. 14, p. 4.

(Doc. 21 at 2.)

In his R&R, Magistrate Judge Ambri recommends: (1) dismissing Plaintiff's Title VII claims (Counts 1-3) against Sheriff Nanos in his personal capacity, Chief Lowing, Captain Koumal, and Pima County because Title VII claims may only be brought against an employer in their official capacity; (2) dismissing Pima County Sheriff's Department (PCSD) because it is a non-jural entity and cannot be sued; and (3) dismissing Plaintiff's claim for punitive damages against Sheriff Nanos in his official capacity under A.R.S. §12-920.04. (*See* Doc. 21.)

## LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made,

but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The party seeking de novo review must provide "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). The clear purpose of this requirement is judicial economy—to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to object. *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn,* No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20, 2019).

Plaintiff makes two objections to the Magistrate Judge's R&R: (1) Pima County should remain a Defendant under his Title VII claims (Counts 1-3) because Pima County is his proper employer and (2) limiting liability to Sheriff Nanos in his official capacity under Title VII is inappropriate. (Doc. 27 at 2-3.) Magistrate Judge Ambri addressed and rejected these same arguments in his R&R. (Doc. 21 at 3-4.) The Court will address Plaintiff's Objections in turn.

The Court agrees with the Magistrate Judge's conclusion that Plaintiff's Title VII claims (Counts 1-3) against Pima County should be dismissed. (Doc. 21 at 4.) Pima County is not liable for the alleged conduct of the Sheriff or its employees. Claims under Title VII are properly brought only against an individual's employer. *See Carver v. Sheriff of LaSalle Cty., Illinois*, 243 F.3d 379, 381 (7th Cir. 2001). Since the Sheriff, not the County, is Zuniga's employer, the County cannot be held independently liable for the Title VII violations Zuniga alleges. *Id.* at 717 (finding that the sheriff, not the county, could be held liable for employment discrimination under Title VII). Moreover, counties are generally not vicariously liable for the acts of elected officials whose duties are imposed by statute or the Arizona constitution. *Loredo v. Maricopa Cnty.,* No. 1 CA-CV 22-0259, 2023 WL 2181126, at *1 (Ariz. Ct. App. Feb. 23, 2023); *Hernandez v. Maricopa Cnty.*, 138 Ariz. 143, 146 (App. 1983). The Pima County Sheriff is elected, and the Legislature establishes his duties. Therefore, the Court will overrule Plaintiff's Objection and dismiss Plaintiff's

Title VII claims (Counts 1-3) against Pima County. Plaintiff's § 1983 custom or policy claim against Pima County (Count 4) will remain.

The Court agrees with the Magistrate Judge's conclusion that Plaintiff's Title VII claims (Counts 1-3) against Sheriff Nanos in his personal capacity should be dismissed. (Doc. 21 at 3.) Title VII claims are not permitted against individual defendants. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII."). Therefore, the Court will dismiss Plaintiff's Title VII claims (Counts 1-3) against Sheriff Nanos in his personal capacity. Plaintiff's Title VII claims (Counts 1-3) against Sheriff Nanos in his official capacity will remain.

In their objection, Defendants request that the Court (1) clarify the claims remaining in this matter and (2) specify that "no state law claims were pled and therefore no state law claims are at issue." (*See* Doc. 26.)

The following claims will proceed: (1) Plaintiff's Title VII claims (Counts 1-3) against Sheriff Nanos in his official capacity; (2) Plaintiff's § 1983 claims (Count 4), including claims for punitive damages, against Sheriff Nanos in his personal capacity, Chief Lowing in his personal capacity, and Captain Koumal in his personal capacity; and (3) Plaintiff's § 1983 custom or policy claim (Count 4) against Pima County for its handling of his workplace discrimination complaint.

Plaintiff acknowledges that he did not plead state law violations in his Complaint, (*see* Doc. 1; Doc. 22 at 2), consequently no state law claims are currently at issue.[1] Plaintiff may amend his Complaint to include state law claims. Rule 15, Fed.R.Civ.P.; *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute as stated in *Akhtar v. Mesa*, 698 F.3d 1202 (2012) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). Plaintiff should consider Defendants' arguments that Plaintiff's state law violations are barred under A.R.S. § 12-821 and A.R.S. § 12-821.01, (Doc. 20 at 3), prior to filing an amended complaint.

If Plaintiff chooses to amend his complaint, Plaintiff is advised that all causes of

---

[1] Referring to potential state law violations in response to the Defendants' Motion to Dismiss, (Doc. 17 at 2), does not make such claims part of the Complaint.

action alleged in the original complaint which are not alleged in any amended complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"). Any amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. An amended complaint must be clearly designated as an amended complaint on the face of the document. Finally, any amended complaint must be formatted in compliance with L.R.Civ 7.1(a)(3). Accordingly,

**IT IS ORDERED:**

1. The Magistrate Judge's R&R (Doc. 21) is **adopted**.
2. Plaintiff's Objection (Doc. 27) is **overruled**.
3. Defendants' Motion to Dismiss (Doc. 14) is **granted in part.**
   a. Plaintiff's Title VII claims (Counts 1-3) against Sheriff Nanos in his personal capacity, Chief Lowing, Captain Koumal, and Pima County are dismissed. Defendant Pima County Sheriff's Department (PCSD) is dismissed as a party in this litigation. Plaintiff's claim for punitive damages against Sheriff Nanos in his official capacity is dismissed.
   b. The following claims remain: (1) Plaintiff's Title VII claims (Counts 1-3) against Sheriff Nanos in his official capacity; (2) Plaintiff's § 1983 claims (Count 4), including claims for punitive damages, against Sheriff Nanos in his personal capacity, Chief Lowing in his personal capacity, and Captain Koumal in his personal capacity; and (3) Plaintiff's § 1983 custom or policy claim (Count 4) against Pima County for its handling of his workplace discrimination complaint.
4. If Plaintiff chooses to amend his Complaint to assert state law claims against Defendants, he must do so on or before **October 9, 2024.**

Dated this 9th day of September, 2024.

_Jennifer G. Zipps_
United States District Judge